

U.S. Department
of Transportation
**Federal Railroad
Administration**

1200 New Jersey Avenue, SE
Washington, DC 20590

AUG 18 2014

Mr. Michael J. Rush
Associate General Counsel
Association of American Railroads
425 Third Street SW, Suite 1000
Washington, DC 20024

Dear Mr. Rush:

This letter responds to your request on behalf of the Association of American Railroads (AAR) conveyed during a meeting with Federal Railroad Administration (FRA) representatives on December 6, 2013, for the agency to revisit its interpretation of the hours of service laws, 49 U.S.C. Chapter 211, as applied to the "Ultra Cab II" cab signal system (UCIICSS) and its self-test functionality.

FRA has long considered the testing of a cab signal system to be covered service as a signal employee and subject to the restrictions of 49 U.S.C. Chapter 211. Based on the evidence you provided and the statutory provisions at issue, FRA declines to revise its interpretation by creating an exception for the activity of conducting a self-test of the UCIICSS.

In your presentation, you argued that the UCIICSS self-test requires no special expertise in signal systems, nor could performing the test reasonably be expected to affect the safe functioning of the signal system. It is important to note that this standard is not within the statute; 49 U.S.C. § 21101 defines a "signal employee" as an individual "who is engaged in installing, repairing, or maintaining signal systems." The "special expertise" and "affect the safe functioning" tests found in FRA's technical bulletins regarding the interpretation of the hours of service laws, with respect to signal employees (most recently issued as technical bulletin G-00-02), are themselves interpretations of the statutory language to provide a heuristic, or practical rule of thumb, for guidance purposes. But meeting neither criterion is fundamentally necessary for an activity to be classified as "installing, repairing, or maintaining signal systems." In situations where FRA is asked to provide an interpretation, the heuristic is no longer necessary, and the statute can be interpreted directly based on the facts of the specific situation.

FRA recognizes the value of the self-test functionality in simplifying the process of verifying proper functioning of the USIICSS. However, the test is not as simple as AAR depicted it. An investigation by FRA—in a prior request for a waiver of the hours of service laws with respect to the USIICSS (Docket No. FRA-2011-0057)—found that employees who were

conducting these self-tests were performing actions that were clearly covered by the hours of service laws. As an example, the calibration of the systems must be checked outside of the self-test procedure to ensure that the onboard system receives proper input. With incorrect system input calibration, the self-test will allow higher-than-normal operating train speeds prior to penalty brake applications. Accordingly, FRA previously determined that proper performance of these tests for the purpose of compliance with federally required inspections is a covered service function and denied the request for waiver.

The information submitted by AAR in support of its request, to the limited extent it differs from arguments previously considered and rejected by FRA, is not persuasive, and therefore does not provide an adequate basis for reinterpretation of the hours of service laws.

Please note, however, that FRA previously waived the requirement to conduct a daily or after-trip test (Title 49 Code of Federal Regulations Section 236.586, *Daily or after trip test*), required on equipment having self-diagnostic or self-testing functionality, while maintaining the requirement that the departure test be performed.

If you have any questions, please do not hesitate to contact me.

Sincerely,

*[signature]*
for

Robert C. Lauby
Associate Administrator for Railroad Safety
Chief Safety Officer